UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIMOTHY DORAN,

        Petitioner,

    v.

UNITED STATES OF AMERICA,

        Respondent.

No. C16-1326RSL
No. CR12-1RSL

ORDER DENYING MOTION
UNDER 28 U.S.C. § 2255

## I. INTRODUCTION

This matter comes before the Court on petitioner's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct A Sentence by a Person in Federal Custody," Dkt. # 1, and the government's answer, Dkt. # 8. Having reviewed the parties' briefing and the relevant record, the Court denies petitioner's motion for the reasons that follow.

## II. BACKGROUND

In September 2012, petitioner Timothy Doran pled guilty to failure to register as a sex offender in violation of 18 U.S.C. § 2250. Case No. CR12-1RSL, Dkt. ## 42, 43, 86. Petitioner's registration requirement arose from his 1992 conviction in Pierce County, Washington, of rape in the second degree in violation of RCW 9A.44.050. Case No. CR12-1RSL, Dkt. # 43. After 82 months' imprisonment for that offense, petitioner was released in April 1999. *Id*. In October 2010, petitioner moved to Vietnam and failed to update his

ORDER DENYING MOTION
UNDER 28 U.S.C. § 2255

registration. *Id.* Petitioner returned to the United States in March 2011 and failed to comply with his registration requirements. *Id.* In December 2011, petitioner self-surrendered. *Id.*; Case No. CR12-1RSL, Dkt. # 118. The federal indictment for failure to register and petitioner's guilty plea followed. Case No. CR12-1RSL, Dkt. ## 9, 42, 43.

In October 2014, after multiple evidentiary hearings at which the government proved by clear and convincing evidence that petitioner had murdered a woman while he was living in Vietnam, the Court sentenced petitioner to 99 months in custody and five years of supervised release, an upward departure from the Guidelines advisory range of 27–33 months. Case No. CR12-1RSL, Dkt. ## 123, 132. On direct appeal, the Ninth Circuit affirmed both the finding that petitioner had murdered the woman and the Court's ultimate sentence. Case No. CR12-1RSL, Dkt. # 148. In April 2016, the Ninth Circuit denied petitioner's motion for rehearing en banc. Case No. CR12-1RSL, Dkt. # 154.

Petitioner filed this motion under 28 U.S.C. § 2255 in August 2016. Dkt. # 1. The government opposes petitioner's motion. Dkt. # 8.

## III. DISCUSSION

Under 28 U.S.C. § 2255, a prisoner in federal custody may move the sentencing court to vacate, set aside, or correct his sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or [where] the court was without jurisdiction to impose such sentence, or [where] the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." Because petitioner filed his motion under 28 U.S.C. § 2255 within one year after his direct appeal was denied and his conviction became final, it is timely under that provision's one-year deadline. 28 U.S.C. § 2255(f)(1).

Petitioner asks the Court to vacate his sentence pursuant to 28 U.S.C. § 2255 on the grounds that his sentence is unconstitutional as the product of ineffective assistance of counsel ("IAC"). Specifically, petitioner argues that defense counsel Nicholas Marchi, who represented

petitioner during the plea phase and the early stages of the sentencing phase, coerced petitioner to plead by giving him false information and then prevented petitioner from participating in the preparation of petitioner's presentence investigation report. Dkt. # 1 at 5. Next, petitioner argues that Federal Public Defenders Dennis Carroll and Jay Stansell, who were appointed to represent petitioner after Magistrate Judge Theiler granted Mr. Marchi's motion to withdraw, failed to "vehemently argue" petitioner's theory at sentencing: that petitioner had killed the woman in self-defense after she brought gangsters to petitioner's house to assault him. Dkt. # 1 at 6, 8. Petitioner also argues that Mr. Carroll and Mr. Stansell failed to impeach various witnesses, failed to argue for a three-year term of supervised release, and failed to challenge the Court's upward modification of petitioner's criminal history category at sentencing. Dkt. # 1 at 9, 12a. After reviewing the applicable law, this order addresses the claims against each set of counsel in turn.

**A.     Strickland Standard for Ineffective Assistance of Counsel**

To prevail on an IAC claim, petitioner must show both that his counsel's performance was inadequate and that prejudice resulted from that inadequate performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). In evaluating the adequacy of counsel's performance, the Court "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. As to the prejudice prong, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

**B.     Inadequate Assistance by Mr. Marchi**

Petitioner fails to show both inadequacy and prejudice as to his claims that Mr. Marchi coerced him to plead guilty and then prevented him from helping prepare the presentence

1 investigation report. Petitioner claims that the "records of the District Court clearly show
2 defense counsel Marchi was found to be ineffective," and that Mr. Marchi "gave erroneous
3 information coer[c]ing defendant to plead guilty." Dkt. # 1 at 5. Petitioner does not specify
4 what erroneous information Mr. Marchi provided, or how that information coerced Petitioner
5 into pleading guilty. As the government points out, "conclusory allegations which are not
6 supported by a statement of facts do not warrant habeas relief." Jones v. Gomez, 66 F.3d 199,
7 204–05 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)).

Petitioner next claims that Mr. Marchi prevented petitioner from "participat[ing] in the PSR causing irreparable damage of incorrect information being submitted in PSR." Dkt. # 1 at 5. As above, it is not clear what incorrect information petitioner is referring to. See Jones, 66 F.3d at 204–05. But in any event, because petitioner was not sentenced until after he had obtained new counsel, who conducted several evidentiary hearings on petitioner's behalf and filed a detailed amended sentencing memorandum, Case No. CR12-1RSL, Dkt. ## 96, 100, 119, and because U.S. Probation ultimately submitted an amended PSR, Case No. CR12-RSL, Dkt. # 117, petitioner has failed to show prejudice resulting from Mr. Marchi's alleged introduction of incorrect information to petitioner's original PSR.

**C.     Ineffective Assistance by Mr. Carroll and Mr. Stansell**

Petitioner has likewise failed to show both inadequate performance and prejudice as to the assistance of Mr. Carroll and Mr. Stansell, who represented petitioner for most of the sentencing proceedings.

First, petitioner argues that Mr. Carroll and Mr. Stansell should have "vehemently argue[d]" that someone other than petitioner murdered the woman in Vietnam based on fingerprints and a credit card found at the house, and by presenting testimony and transcripts of Skype conversations suggesting that petitioner had been threatened by gangsters in the month leading up to the woman's death. Dkt. # 1 at 6. Mr. Carroll and Mr. Stansell made all of these

arguments at length and presented evidence of threats. See Case No. CR12-1RSL, Dkt. # 105 at 10–29. While petitioner may wish that his counsel had been able to present specific live witness testimony to supplement the documentary evidence on which they relied, the Court concludes that defense counsel conducted a reasonable investigation – by, for example, personally traveling to Vietnam to investigate, and hiring a forensic expert to evaluate the evidence – and that defense counsel's performance in this area did not fall below an objective standard of reasonableness. See Lambright v. Schriro, 490 F.3d 1103, 1116 (9th Cir. 2007) ("[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." (quoting Strickland, 466 U.S. at 690–91)).

Second, petitioner argues that Mr. Carroll and Mr. Stansell presented a theory of the case that was inconsistent with petitioner's own, thus undermining petitioner's credibility and prejudicing his case. Dkt. # 1 at 8. As the government points out, the Court's finding that petitioner's theory had evolved over time was grounded on petitioner's own statements to various witnesses. See Case No. CR12-1RSL, Dkt. # 111 at 6. Along with the other evidence presented, it was petitioner's statements, not the *contrast* between defense counsel's theory at sentencing and petitioner's previous theories, that ultimately supported the Court's finding that petitioner had killed the woman. Particularly given the heavy presumption of competence when evaluating the strategic decisions of defense counsel, the Court concludes that Mr. Carroll and Mr. Stansell were not ineffective in this regard. See Strickland, 466 U.S. at 681 ("Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected in these circumstances if they are based on professional judgment.").

Third, petitioner argues that Mr. Carroll and Mr. Stansell prejudiced his case by failing to impeach government witness Dave Williams and various Vietnamese police officers. Dkt. # 1 at 9, 12a. The record shows that Mr. Carroll and Mr. Stansell did, in fact, impeach the testimony of

those witnesses and highlight the unreliability of their testimony in their memorandum to the Court. See Case No. CR12-1RSL, Dkt. # 103 at 21–28; Case No. CR12-1RSL, Dkt. # 105 at 9–10, 14–16, 26–29.

Fourth, petitioner argues that Mr. Carroll and Mr. Stansell should have argued for a three-year period of supervised release, rather than the five-year period that the Court imposed, and that they ineffectively opposed the imposition of special conditions of release. Dkt. # 1 at 12a. Because a five-year term of supervised release is a statutory minimum for petitioner's crime of conviction, see 18 U.S.C. § 3583(k), failure to request a three-year term does not constitute inadequate representation. Moreover, defense counsel capably and thoroughly – and in some instances, successfully – argued against the imposition of the special conditions requested by the government. See Case No. CR12-1RSL, Dkt. # 119 at 9–18; Case No. CR12-1RSL, Dkt. # 132 at 10, 19–22, 32–34. Defense counsel's performance was adequate.

Finally, petitioner argues that Mr. Carroll and Mr. Stansell were ineffective in failing to prevent the Court from considering petitioner's two prior convictions, as well as the unadjudicated murder in Vietnam, in raising petitioner's criminal history category and then departing upwards from the Guidelines advisory range. Dkt. # 1 at 12a. Throughout the sentencing proceedings, Mr. Carroll and Mr. Stansell argued at length that petitioner's unadjudicated conduct should not be considered in sentencing petitioner for his failure to register. See Case No. CR12-1RSL, Dkt. ## 105, 109. Importantly, the Court has latitude to consider evidence and conduct beyond what is contemplated by the Guidelines in determining whether the defendant's criminal history adequately reflects the danger he presents to the community. See United States v. Booker, 543 U.S. 220, 249–50 (2005). Lastly, the reasonableness of petitioner's sentence has been affirmed on appeal. Case No. CR12-1RSL, Dkt. # 148. Accordingly, Mr. Carroll and Mr. Stansell did not fall below objective standards of reasonable representation in failing to prevent the Court's upward departure.

## IV. CONCLUSION

For all of the foregoing reasons, petitioner's motion under 28 U.S.C. § 2255 (Dkt. # 1) is DENIED. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2). The Clerk of Court is directed to close the case.

Dated this 5th day of May, 2017.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
UNDER 28 U.S.C. § 2255 -7-